## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **HORIZON SERVICES, LLC,** | |
| **Plaintiff,** | **CIVIL ACTION NO. _____** |
| | **JURY DEMAND** |
| **v.** | |
| **GOLD MEDAL SERVICES, LLC,** **AND KENNETH A. BYRNE, JR.,** | **January 8, 2019** |
| **Defendants.** | |

## COMPLAINT

Plaintiff Horizon Services, LLC ("Horizon") by and through its undersigned counsel, brings this action against Gold Medal Services, LLC ("Defendant Gold Medal") and Kenneth A. Byrne, Jr. ("Mr. Byrne") (collectively "Defendants") seeking injunctive relief and damages for trademark infringement, false designation of origin, and unfair competition under federal and state law.

## NATURE OF THE ACTION

1.      Horizon is a company that provides plumbing, heating, ventilation, air conditioning, and electrical services.  Horizon (through its predecessor and itself) has been using the mark GOLD MEDAL since at least May 2003 in connection with its plumbing, heating, air conditioning, ventilation, and electrical services.

2.      Defendant Gold Medal is a newly established company in Connecticut that is or intends to use the trade name and trademark GOLD MEDAL SERVICES in connection with heating, air conditioning, ventilation, and other related services.

1

3.     Mr. Byrne is a resident of Connecticut that, until recently, advertised Defendant Gold Medal's services on his personal Facebook page.

4.     Defendants' use of the trade name and trademark GOLD MEDAL SERVICES is likely to cause consumer confusion and constitutes trademark infringement and unfair competition in violation of Horizon's rights.

5.     Horizon therefore seeks to enjoin Defendants' infringing conduct and recover damages based on the injury Defendants' conduct has caused and will continue to cause Horizon.

## PARTIES

6.     Horizon is a Delaware company with its principal place of business located at 11 Cotters Lane, East Brunswick, New Jersey, 08816.

7.     Defendant Gold Medal is a Connecticut company with its principal place of business located at 24 Strong St., Burlington, Connecticut, 06013.

8.     Mr. Byrne resides at 24 Strong St., Burlington, Connecticut, 06013.

## JURISDICTION AND VENUE

9.     This is an action for infringement of federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; for federal unfair competition and false designation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and trademark infringement and unfair competition in violation of state law.

10.     This Court has subject matter jurisdiction over the federal claims relating to trademark infringement, false designation of origin, and unfair competition under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

11.     This Court has supplemental jurisdiction over Horizon's state law claims pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the federal claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant Gold Medal resides in and/or has committed tortious conduct within this judicial district because the events or omissions giving rise to the claims occurred, in part, in the District of Connecticut.

## FACTUAL BACKGROUND

### A.  Horizon's Products and Marks

13.     Horizon is the owner of the following trademark registrations for and including the GOLD MEDAL trademark ("GOLD MEDAL Marks").  Copies of the registration certificates for these marks are attached as Exhibit A.

| Mark | Registration Number | Goods | Filing Date | Status |
|---|---|---|---|---|
| **GOLD MEDAL** | 3,465,470 | Plumbing Services | May 9, 2007 | Incontestable |
| **GOLD MEDAL PLUMBING HEATING COOLING ELECTRIC** | 3,494,746 | Plumbing Services | June 17, 2008 | Incontestable |

| Mark | Registration Number | Goods | Filing Date | Status |
|------|---------------------|-------|-------------|--------|
| **GOLD MEDAL SERVICE TRUSTED FOR GENERATIONS** | 5,464,580 | Providing heating, air conditioning, electrical, plumbing, drain cleaning and sewer and water line repair and replacement services | May 8, 2018 | Registered |

14.     Horizon's registrations referenced above are valid and subsisting, in full force and

effect, and constitute prima facie and/or conclusive evidence of Horizon's exclusive right to use

the marks in commerce in the United States in connection with the services specified in the

registrations.

15.     Additionally, Horizon's Registration Nos. 3,465,470 and 3,494,746 are

incontestable pursuant to the provisions of Section 15 of the Lanham Act, 15 U.S.C. § 1065, and

therefore constitutes conclusive evidence of the validity of that registration.

16.     Since at least as early as May 1, 2003, Horizon has used the GOLD MEDAL

Marks as in connection with its plumbing, heating, air conditioning, ventilation, and electrical

services.

17.     Horizon is well-known as a provider of plumbing, heating, air conditioning,

ventilation, and electrical services under the GOLD MEDAL Marks.

18.     As a result of its longstanding, extensive, and widespread use, marketing and

promotion of the GOLD MEDAL Marks, its GOLD MEDAL Marks are widely recognized as a

designation of source for Horizon's plumbing, heating, air conditioning, ventilation, and

electrical services and Horizon has established goodwill associated with the GOLD MEDAL

Marks.

19.     Horizon's logo features a gold circle with the words GOLD MEDAL SERVICE in capital letters, as shown below.



20.     Horizon has spent significant amounts of money advertising and promoting its GOLD MEDAL Marks.

**B.  Defendants' Planned Use of GOLD MEDAL SERVICES**

21.     Both Horizon and Defendant Gold Medal provide heating, air conditioning, and ventilation services.

22.     Upon information and belief, Defendant Gold Medal offers or intends to offer competitive services to at least Horizon's heating, air conditioning, and ventilation services.

23.     On information and belief, Defendants have been aware of Horizon and its GOLD MEDAL trademarks for at least a year and a half and knows that Horizon offers heating, air conditioning, and ventilation services under the GOLD MEDAL Marks.

24.     Upon information and belief, Defendants became aware of Horizon and its GOLD MEDAL Marks and Horizon's use of its GOLD MEDAL Marks in connection with its heating,

air conditioning, and ventilation services through a program called CEO Warrior in which Mr. Byrne participated.  The CEO Warrior program was established and operated by Gold Medal Plumbing, Heating, Cooling, Electric Inc.  Upon information and belief, during the CEO Warrior program, which was held at Gold Medal Plumbing, Heating, Cooling, Electric Inc.'s corporate headquarters in New Jersey, Mr. Byrne shadowed one or more of the owners of Gold Medal Plumbing, Heating, Cooling, Electric Inc.  Subsequent to Mr. Byrne's participation in the CEO Warrior program, Horizon acquired Gold Medal Plumbing, Heating, Cooling, Electric Inc. and the GOLD MEDAL Marks.

25.     Upon information and belief, Mr. Byrne is the sole shareholder of Defendant Gold Medal.  Upon information and belief, Mr. Byrne controls and/or will control the day to day operations of Defendant Gold Medal.

26.     On information and belief, Defendants adopted the GOLD MEDAL name for Gold Medal's heating, air conditioning, and ventilation services business, notwithstanding the obvious and confusing similarity to the GOLD MEDAL Marks that were already well-known in the heating, air conditioning, and ventilation service industry and with the intent to trade on the goodwill Horizon has established in nearby states.

27.     According to Connecticut Secretary of State records, the Defendant Gold Medal was registered as a Limited Liability Company on November 12, 2018.

28.     Upon information and belief, shortly thereafter, Mr. Byrne began advertising Defendant Gold Medal as an air conditioning, ventilation, and heating business on his personal Facebook page.

29.     Until recently, Mr. Byrne's Facebook page depicted the logo of Defendant Gold Medal as a gold circle with the words GOLD MEDAL SERVICES in capital letters, as shown below.



30.     Horizon has not consented to or authorized Defendants' use of the GOLD MEDAL Marks.

31.     On November 29, 2018, Horizon, through its attorneys, sent a letter to Mr. Byrne requesting that Defendants cease any use or plans to use the GOLD MEDAL Marks, remove all reference to GOLD MEDAL and GOLD MEDAL SERVICES from Mr. Byrne's Facebook page and any other websites or social media accounts of Defendants, change the name of Defendant Gold Medal, and agree not to use or attempt to register GOLD MEDAL or any mark containing the term GOLD MEDAL.  *See* Exhibit B.

32.     To date, Defendant has not responded to the November 29 letter to confirm that he will comply with Defendants' requests.

33.     Defendants' use of the GOLD MEDAL Marks in connection with heating, air conditioning, and ventilation services is likely to cause confusion or mistake or to deceive consumers into thinking that Defendant Gold Medal and its products and/or services marketed using the GOLD MEDAL Marks are authorized by, or affiliated, connected, or otherwise associated with Horizon and/or its services.

34.     This likelihood of confusion is exacerbated by the fact that both Horizon and Defendant Gold Medal operate in identical and/or related industries and offer identical and/or closely related services.

35.     Defendants' conduct described above has left Horizon with no option other than to file this action to protect its valuable rights in its GOLD MEDAL Marks and to prevent consumer confusion.

36.     As a result of Defendants' unlawful conduct complained of herein, Horizon has suffered and will continue to suffer irreparable injury to its GOLD MEDAL Marks and to the goodwill and business reputation associated with its GOLD MEDAL Marks.

37.     As a result of Defendants' unlawful conduct complained of herein, Horizon has been financially damaged and/or will be damaged financially.

38.     Defendants' unlawful conduct is and continues to be knowing, deliberate, and willful.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

39.     Horizon incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

40.     Defendants have, without the consent of Horizon, plans to use and/or have used in commerce trademarks that are confusingly similar to Horizon's GOLD MEDAL Marks in

connection with the sale, offering for sale, distribution and/or advertising of goods and/or services.

41.     Defendants' use of the GOLD MEDAL Marks is likely to cause confusion or to cause mistake or to deceive consumers into thinking that Defendant Gold Medal and its products and/or services are authorized by, or affiliated, connected or otherwise associated with Horizon and/or its services.

42.     Defendants' actions complained of herein constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43.     Defendants' actions complained of herein have been willful, intentional, and made in bad faith.

44.     Horizon has been and/or is likely to be damaged by Defendants' infringing and unlawful acts.

45.     Defendants' actions complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Horizon to suffer irreparable harm.

46.     Horizon has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

<u>**COUNT II**</u>

<u>**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**</u>

47.     Horizon incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

48.     Defendants' actions complained of herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Gold Medal or Defendant Gold Medal's products or commercial activities with Horizon or its services,

or as to the origin, sponsorship, or approval of Defendant Gold Medal's goods or services by Horizon.

49.     Defendants' actions complained of herein constitute false designation of origin and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.     Defendants' actions complained of herein have been willful, intentional, and made in bad faith.

51.     Horizon has been and/or is likely to be damaged by Defendants' infringing and unlawful acts.

52.     Defendants' actions complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Horizon to suffer irreparable harm.

53.     Horizon has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

54.     Horizon incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

55.     Defendants' actions complained of herein, including its acts of trademark infringement and violations of the Lanham Act, constitute trademark infringement and unfair competition in violation of state law.

56.     Defendants' actions complained of herein have been willful, intentional, and made in bad faith.

57.     Horizon has been and/or is likely to be damaged by Defendants' infringing and unlawful acts.

58.     Defendants' actions complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Horizon to suffer irreparable harm.

59.     Horizon has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Horizon requests that this Court enter a final judgment against Defendants, as follows:

a.   preliminarily and permanently enjoining and restraining Defendants, successors, agents and employees, and anyone acting in active concert or participation with or at the behest or direction of any of them, from using "GOLD MEDAL," "GOLD MEDAL SERVICES," or any trademark that is otherwise confusingly similar to Horizon's GOLD MEDAL Marks.

b.   ordering Defendants to destroy all labels, packaging, wrappers, signs, prints, banners, posters, brochures, or other advertising, marketing, or other promotional materials, or any trademark otherwise confusingly similar to the GOLD MEDAL Marks, and to remove and/or permanently disable all Internet web sites, domain names, online advertising, marketing, promotions or other online materials bearing or displaying the "GOLD MEDAL" or "GOLD MEDAL SERVICES" marks;

c.   ordering Defendants to file with the Court and serve on Horizon's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the

11

injunction;

d.  declaring that Horizon's GOLD MEDAL Marks are strong and that Defendants' unauthorized use of the "GOLD MEDAL" or "GOLD MEDAL SERVICES" marks infringes Horizon's GOLD MEDAL Marks;

e.  declaring that Defendants' conduct was knowing, intentional, and willful;

f.  awarding Horizon compensation for any and all damages, injury or harm incurred as a result of Defendants' unlawful conduct;

g.  ordering full restitution and/or disgorgement of all profits and benefits that may have been obtained by Defendants as a result of their wrongful conduct;

h.  awarding Horizon treble damages resulting from Defendants' willful and intentional conduct;

i.  assessing Horizon's costs of this action and Horizon's attorneys' fees against Defendants; and

j.  ordering or awarding any other such relief the Court deems just and proper.

## **JURY DEMAND**

Horizon hereby demands that all issues so triable be determined by a jury.

Dated: January 8, 2018

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ Michael C. D'Agostino
Michael C. D'Agostino (ct17294)
Christopher M. Wasil (ct28578)
One State Street
Hartford, CT 06103
Tel.: (860) 240-2700
Fax:  (860) 240-2701
michael.dagostino@morganlewis.com
christopher.wasil@morganlewis.com

Anita Polott (*pro hac vice* forthcoming)
Stephanie Roberts (*pro hac vice* forthcoming)
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001
anita.polott@morganlewis.com
stephanie.roberts@morganlewis.com

*Attorneys for Horizon Services, LLC*